933 F.2d 1007
 13 Employee Benefits Ca 2456
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Faye M. BOLAND, formerly known as Faye M. Kluk, Plaintiff-Appellee,
v.
CHRYSLER CORPORATION, a Delaware Corporation, Defendant-Appellant,
Chrysler Corporation, U.A.W., Board of Administration,
Chrysler Corporation, U.A.W., Pension Plan, Defendants.
 No. 90-1772.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
 
 Before KENNEDY and BOYCE F. MARTIN, Jr., Circuit Judges, and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 The Chrysler Corporation, United Auto Workers Board of Administration, and United Auto Workers Pension Plan appeal the lump-sum award granted by the district court in this action under the Employee Retirement Income Security Act. 29 U.S.C. Sec. 1001 et seq. They contend that the district court erred in giving the present value of future benefit payments to Kenneth Kluk's wife, Faye Kluk. They assert the court should have ordered them to pay Faye Kluk a lump sum equal to the accrued surviving spouse benefits and to disburse to her the monthly surviving spouse benefits as they become due under the terms of the plan. Because we conclude that Faye Kluk should have been placed in the same position she would have been in if the defendants had originally honored her claim and the district court erred, we remand for further proceedings consistent with this opinion.
 
 
 2
 Faye Kluk, who is now known as Faye Boland, is the widow of Kenneth W. Kluk; Kenneth Kluk worked for Chrysler Corporation for over twenty-three years until his retirement on November 22, 1982. He was a participant in the Chrysler Corporation--U.A.W. Pension Plan and his wife was a plan beneficiary. The plan provided the option of choosing a lifetime annuity for a surviving spouse, if the participant was under fifty-five years of age, had acquired less than thirty years of credited service, and retired with a permanent total disability.
 
 
 3
 The surviving spouse option became significant to Kenneth Kluk after he developed lung cancer and on October 28, 1981, he went on sick leave. On November 22, 1982, Kluk applied for and received a permanent total disability retirement. At this time he learned that the plan required him to survive the permanent total disability retirement date by two years for his wife to be eligible for the surviving spouse option. The Summary Plan Description required by ERISA described the surviving spouse option but made no mention of the two-year requirement. Kluk had been advised, correctly as it turned out, that he would not live two more years and, hoping to get the maximum benefits available under the circumstances, he revoked the option for surviving spouse benefits. Kluk died on December 23, 1982, barely a month after his application for permanent total disability retirement.
 
 
 4
 Boland brought suit under ERISA, specifically 29 U.S.C. Secs. 1132(a)(1)(B) and 1132(a)(3), seeking surviving spouse benefits. The district court concluded that Kenneth Kluk relied on the Summary Plan Description which did not mention the two-year requirement and Kluk and his wife revoked the option for surviving spouse benefits under economic duress. Despite the lack of authorization in the plan for lump sum disbursements, the district court ordered the defendants to pay Faye Kluk a lump sum equal to the value of surviving spouse benefits already accrued plus the present value of future benefits.
 
 
 5
 The defendants filed this timely appeal. They do not contest the findings of reliance or economic duress; they only assert the district court should not have ordered a present value lump sum payment but, instead, a payment of benefits already accrued and payment of future benefits as they become due.
 
 
 6
 Faye Kluk brought this action under Secs. 502(a)(1)(B) and 502(a)(3) of ERISA, 29 U.S.C. Secs. 1132(a)(1)(B) and 1132(a)(3), respectively.
 
 29 U.S.C. 1132(a)(1)(B) provides:
 
 7
 A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan....
 
 29 U.S.C. 1132(a)(3) provides:
 
 8
 A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....
 
 
 9
 Faye Kluk first argues, in anticipation of the defendant's contention that extra-contractual damages are not allowed under ERISA, that the money the district court awarded as a lump sum payment does not qualify as extra-contractual damages. While the Supreme Court in Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985), held that extra-contractual damages are not recoverable under Sec. 409(a) of ERISA, codified at 29 U.S.C. Sec. 1109(a), this circuit in Warren v. Society National Bank, 905 F.2d 975 (6th Cir.1990), later proceeding, 111 S.Ct. 948 (1991) (the Supreme Court is considering granting a writ of certiorari in this case), avoided expanding that ruling to equitable recoveries under Sec. 502(a)(3) of ERISA. Id. at 976-980 (the court undertakes an extensive analysis of Russell ). Accordingly, in contrast to other circuits, see, e.g., Drinkwater v. Metropolitan Life Ins. Co., 846 F.2d 821, 824 (1st Cir.), cert. denied, 488 U.S. 909 (1988), whether we characterize Faye Kluk's award as contractual or noncontractual is not decisive. While punitive damages and compensatory damages for emotional distress are excluded per se, Warren, 905 F.2d at 982, other damages may be recoverable if necessary to place the beneficiary in the same position he would have been in had the fiduciary not breached his duties. Id. At any rate, the award the district court granted Faye Kluk is extra-contractual. Nothing in the plan would allow her to receive the present value of future benefits. The Chrysler Corporation--U.A.W. Pension Plan provides only for a monthly payout of benefits to the surviving spouse of a plan participant.
 
 
 10
 Faye Kluk also argues that although Sec. 1132(a)(3) requires a beneficiary be placed in the same position she would have been in had the proper relief originally been given, the section does not require "the same position" in the sense of being "identical," rather the section requires the beneficiary be "placed in the same position" in the sense that she must be "made whole." Kluk asserts that because Chrysler would have to invest the present value amount in the plan anyway, giving her the present value lump sum is equivalent to giving the same amount to the plan.
 
 
 11
 In making this argument, Kluk relies upon this circuit's analysis of ERISA Sec. 502(a)(3) set forth in Warren. The plaintiff in Warren sued the trustee of his pension plan for failing to distribute his plan assets during a single calendar year, as the plaintiff had directed and the plan allowed. The trustee's failure to distribute the assets according to the plaintiff's direction caused the plaintiff to lose tax benefits. He sued under 502(a)(3) seeking equitable relief. The court ruled:
 
 
 12
 Given that Congress intended to incorporate the fiduciary standards of trust law into ERISA, it is proper to apply "black-letter trust law that fiduciaries owe strict duties running directly to beneficiaries in the administration and payment of trust benefits." Under the law of trusts, "a beneficiary is entitled to a remedy 'which will put him in the position in which he would have been if the trustee had not committed the breach of trust." And, "other appropriate equitable relief" under section 502(a)(3), for breach of fiduciary duties set forth in section 404(a), includes the provision of monetary damages.
 
 
 13
 Warren, 905 F.2d at 981. (citations omitted). The court emphasized that the plaintiff had no other means of redress. The trustee distributed all of the assets to which plaintiff was entitled; however, the method of distribution deprived him of a benefit to which he was also entitled. Id.
 
 
 14
 This case is starkly different from Warren. In Warren, the only avenue available for placing the beneficiary in the same position he would have been in had the fiduciary not committed a breach of trust was a monetary damage award equivalent to tax benefits lost. Kluk is not asking for monetary damages to replace benefits she otherwise would have had; she is seeking the present value of future benefits--an option which was not available to her under the terms of the plan.
 
 
 15
 We disagree with Kluk's contention that, in this case, the "same" position does not mean the "identical" position. Allowing Kluk to retain a lump sum payment for the present value of future benefits not only inverts the risk positions of her and the trust, i.e. she now assumes the risk that she will live longer than that predicted by the actuaries, whereas under a lifetime annuity the plan assumed that risk, it would effect all other trust beneficiaries as well. The funding assumptions made by the actuary are based, in part, on the size of the plan's population involved in the plan. See Pompano v. Michael Schiavone & Sons, Inc., 680 F.2d 911, 915 (2d Cir.), cert. denied, 459 U.S. 1039 (1982). Allowing beneficiaries to opt out of a plan and take with them their present value of future benefits would throw off the fundamental calculations of plans which do not take into consideration the possibility of such lump sum payments. Granted, this one instance may not be so damaging in a plan as sizable as the Chrysler--U.A.W. Pension Plan; nonetheless, if we allowed the district court's award to stand, neither Kluk nor other beneficiaries would be in the same position they would have been in had the fiduciary originally acted correctly. In contrast, an award granting Kluk a lump sum payment equal to those benefits already accrued plus the right to receive future benefits as those benefits arise would both place her in the same position as well as make her whole.
 
 
 16
 For the foregoing reasons, we remand this case to the district court for proceedings consistent with this opinion.